# In the United States Court of Federal Claims

### OFFICE OF SPECIAL MASTERS

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * | | |
| MARI BOURCHE, | * | |
| As Personal Representative of the | * | No. 15-232V |
| Estate of JOSEPH BOURCHE, | * | Special Master Christian J. Moran |
| | * | |
| Petitioner, | * | Filed: May 11, 2017 |
| | * | |
| v. | * | Attorneys' fees; interim award |
| | * | appropriate; inflation rate; |
| SECRETARY OF HEALTH | * | reasonable cost for expert |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * * * * * | | |

Andrew D. Downing, Van Cott & Talamante, PLLC, Phoenix, AZ, for petitioner;
Sarah C. Duncan, United States Dep't of Justice, Washington, DC, for respondent.

**PUBLISHED DECISION AWARDING
INTERIM ATTORNEYS' FEES AND COSTS[1]**

In a petition filed on March 6, 2015, Joseph Bourche alleged that a dose of the hepatitis B vaccination harmed him. Mr. Bourche sought compensation from the National Childhood Vaccine Injury Compensation Program, found at 42 U.S.C. § 300aa–10 through 34 (2012).

While the question of whether the vaccination harmed Mr. Bourche remains pending, the petitioner filed a renewed motion requesting an award of attorneys' fees and costs on an interim basis. Pet'r's Renewed Fee Appl'n, filed Jan. 31,

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

2017. The Secretary filed a weak response, deferring to the special master's discretion as to the appropriateness of an interim award and to the amount of any interim award. Resp't's Resp., filed Feb. 17, 2017. For the reasons explained below, the petitioner is awarded $99,934.45.

## I.   Brief Factual and Procedural History

In early 2014, Mr. Bourche was 55 years old and owned an automobile repair shop. Exhibit 1 (affidavit of Mr. Bourche).[2] He had suffered from kidney disease and, by 2014, was receiving hemodialysis. Mr. Bourche also suffered from cardiomyopathy and advanced congestive heart failure. The implantation of a pacemaker in October 2013 had improved Mr. Bourche's cardiac symptoms.

On April 23, 2014, Mr. Bourche received the hepatitis B vaccine. In his affidavit, Mr. Bourche asserted that on the day of the vaccination, he became very itchy all over his body. Following the vaccination, Mr. Bourche developed blisters in his mouth for which he was treated in a hospital.

According to timesheets submitted by Mr. Bourche's attorney, Andrew Downing, Mr. Bourche first contacted Mr. Downing on August 26, 2014.[3] Mr. Downing's office collected medical records, drafted an affidavit, and prepared a petition, which the Clerk's Office filed on March 6, 2015. The petition was filed 317 days after vaccination. On behalf of Mr. Bourche, Mr. Downing filed medical records.

On June 25, 2015, the Secretary filed her report in which she assessed those records. The Secretary's opinion was that Mr. Bourche had not established that the hepatitis B vaccination harmed him. The Secretary noted that Mr. Bourche had not submitted an expert report supporting his allegations.

---

[2] Mr. Bourche's affidavit is consistent with the medical records created contemporaneously with the events they describe. Because of the affidavit's succinctness, and because the outcome of the pending motion does not depend upon any details of Mr. Bourche's medical history, this decision cites primarily to Mr. Bourche's affidavit.

[3] The timesheets are found as exhibit A to the petitioner's January 31, 2017 renewed fee application.

2

Mr. Downing engaged a rheumatologist, Thomas Zizic, to assist with Mr. Bourche's claim on July 13, 2015. Timesheets at 50. Dr. Zizic reviewed Mr. Bourche's medical records, read medical articles, and drafted a report. Dr. Zizic's invoice shows that he spent 119.5 hours in this process. Timesheets at 54-57. Mr. Bourche filed Dr. Zizic's report as exhibit 15 on October 9, 2015. Dr. Zizic was ordered to clarify certain aspects of his opinions. Order, issued Oct. 19, 2015.

While Dr. Zizic was preparing his first supplemental report, Mr. Bourche filed a motion requesting an award of attorneys' fees and costs on an interim basis. Mr. Bourche sought compensation for Mr. Downing's work, work other people in Mr. Downing's law firm performed, and for Dr. Zizic's work. Mr. Bourche argued that he was eligible for an award of attorneys' fees and costs on an interim basis because he satisfied the factors listed in Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1352 (Fed. Cir. 2008). Pet'r's Fee Appl'n, filed November 13, 2015, at 4.

The Secretary opposed the request for an award on an interim basis because Mr. Bourche did not meet the Avera factors. The Secretary also argued that the amount sought in attorneys' fees and costs was excessive. Resp't's Resp., filed Dec. 3, 2015.

Mr. Bourche filed a reply addressing the Secretary's arguments. Mr. Bourche maintained that an interim award remained appropriate. Mr. Bourche also generally defended the amounts the different people had requested as reasonable. Pet'r's Reply, filed Dec. 14, 2015.

A June 3, 2016 decision denied the November 13, 2015 motion for an award of attorneys' fees and costs on an interim basis. This decision found that the petitioner did not meet the circumstances favoring an interim award in that the case had not been pending for a lengthy time. 2016 WL 3545769.

Apart from the activity concerning the motion for an award of attorneys' fees and costs on an interim basis, the case continued to develop. Mr. Bourche filed the first supplemental report from Dr. Zizic. Exhibit 44.

Unfortunately, Mr. Bourche died on January 16, 2016, due to complications of his congestive heart failure. Exhibit 45 (death certificate). The representative of his estate, Mari Bourche, continued the litigation. Ms. Bourche filed an amended

3

petition on June 14, 2016, alleging that the hepatitis B vaccination contributed to Mr. Bourche's death. She supported this allegation with another report from Dr. Zizic. Exhibit 48. She also presented a report from one of Mr. Bourche's treating doctors. Exhibit 52.

The Secretary responded to the petitioner's presentation of several reports with a report from the expert he retained, Mehrdad Matloubian. Exhibit A. Dr. Matloubian concluded that Mr. Bourche's development of IgA mediated vasculitis was not due to the hepatitis B vaccine Mr. Bourche received and that Mr. Bourche's death was due to progressive heart failure. Exhibit A at 17.

On January 30, 2017, the petitioner addressed Dr. Matloubian's opinion with another report from Dr. Zizic. Exhibit 53. On the following day, the petitioner filed a renewed motion for an award of attorneys' fees and costs on an interim basis. This January 31, 2017 motion is ready for adjudication.

## Analysis

Broadly speaking, resolving the pending motion for an award of attorneys' fees and costs on an interim basis requires consideration of three issues. The first is whether the petitioner is eligible for attorneys' fees and costs. If the petitioner is eligible, then the second issue is whether the petitioner should receive any attorneys' fees and costs at this time. The third question is, assuming that some award is appropriate, what constitutes a reasonable amount in this case.

**I.   Whether the Petitioner's Case Satisfies the Requirements for an Award of Attorneys' Fees and Costs**

Petitioners who have not yet been awarded compensation are eligible for an award of attorneys' fees and costs when "the petition was brought in good faith and there was a reasonable basis for the claim." 42 U.S.C. § 300aa—15(e)(1). Here, the reports from Dr. Zizic satisfy the reasonable basis standard. In addition, Mr. Bourche brought his petition in good faith.

**II.   Whether the Petitioner Should be Awarded Attorneys' Fees and Costs on an Interim Basis as a Matter of Discretion**

After a finding of good faith and reasonable basis, the special master may exercise discretion in awarding attorneys' fees and costs on an interim basis. Rehn

v. Sec'y of Health & Human Servs., 126 Fed. Cl. 86, 91 (2016) (citing <u>Cloer v. Sec'y of Health & Human Servs.</u>, 675 F.3d 1358, 1362 (Fed. Cir. 2012) (en banc), <u>aff'd</u>, 133 S.Ct. 1886 (2012)); <u>Friedman v. Sec'y of Health & Human Servs.</u>, 94 Fed. Cl. 323, 334 (2010) (ruling that special master acted within discretion in denying an award of attorneys' fees and costs on an interim basis).  The Federal Circuit identified some factors for a special master to consider before awarding attorneys' fees and costs on an interim basis.  These include:  "protracted proceedings," "costly experts," and "undue hardship."  <u>Avera</u>, 515 F.3d at 1352.  This list is illustrative, not exhaustive.

In the renewed motion, the petitioner has established that an award of attorneys' fees and costs on an interim basis is appropriate.  After June 3, 2016, the date the initial motion for an award of attorneys' fees and costs on an interim basis was denied, the case has changed.  The most obvious change is that more time has passed.  As of the date of this decision, the case has been pending for more than two years.  The duration of this case will lengthen.  The hearing is not scheduled until April 23, 2018, approximately one year from now.  This hearing appears likely to happen as the Secretary has determined that settlement discussions are not appropriate at this time.  Resp't's Status Rep., filed April 10, 2017.

In addition, after filing the November 13, 2015 motion for an award of attorneys' fees and costs on an interim basis, the petitioner's attorney (Mr. Downing) and the petitioner's expert (Dr. Zizic) have incurred additional fees.  Thus, the amount of money already incurred is sufficient to justify an award on an interim basis.

### III.     What is a Reasonable Amount of Attorneys' Fees and Costs

The final issue is quantifying a reasonable amount for attorneys' fees and costs.

#### A.     <u>Attorneys' Fees</u>

The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  This is a two-step process.  <u>Avera v. Sec'y of Health & Human Servs.</u>, 515 F.3d 1343, 1348 (Fed. Cir. 2008).  First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  <u>Id.</u> at 1347-48 (quoting <u>Blum v. Stenson</u>, 465 U.S. 886, 888 (1984)).

5

Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings.  Id. at 1348.  Here, the lodestar yields a reasonable amount of attorneys' fees.  Thus, the analysis below centers on the two components of the lodestar formula — a reasonable hourly rate and a reasonable number of hours.

      1.      Reasonable Hourly Rates

The petitioner seeks attorneys' fees for work five professionals performed.  These are Mr. Downing, an associate attorney Justin N. Redman, attorney Courtney Van Cott, paralegal Robert W. Cain, and paralegal Danielle P. Avery.  The majority of the requested fees derive from Mr. Downing's work.

Mr. Downing has charged two different rates.  From the inception of the case in 2014 through the end of 2016, Mr. Downing has charged $350 per hour.  For his work starting in 2017, Mr. Downing has charged $375 per hour.

Despite objection from the Secretary, Mr. Downing's rate of $350 per hour for work performed through 2016 has been accepted.  See Abbott v. Sec'y of Health & Human Servs., No. 14-907V, 2016 WL 4151689, at *5 (Fed. Cl. Spec. Mstr. July 15, 2016).  This rate remains reasonable.

The 2016 rate of $350 per hour serves as a foundation for examining the proposal to raise Mr. Downing's rate to $375 per hour, which is an increase of approximately 7 percent.  Some of the increase can be attributed to inflation.  The undersigned has determined that an index useful in increasing an attorney's hourly rate is the database the Department of Labor, Bureau of Labor Statistics maintains as the Producer Price Index.  Within the PPI, the relevant category is Office of Lawyers, generally.  See Williams v. Johnson, 174 F. Supp. 3d 336, 343 (D.D.C. 2016) (using PPI-OL to inflate Laffey matrix).  For 2016, the rate of increase (September over September) is 2.25 percent.  Thus, by simple math, a reasonable hourly rate for Mr. Downing's work in 2017 is $357.88.

In addition to inflation, Mr. Downing's experience has increased and this increased experience should translate into increased efficiency.  Previously, Mr. Downing fit into the group of attorneys with between 11 and 19 years of experience.  With the passage of time, Mr. Downing has now advanced to the group of attorneys with between 20 and 30 years of experience.  The hourly range for these attorneys in 2017 is between $358 and $424 per hour.  Under these

circumstances, a reasonable hourly rate for Mr. Downing is $365 per hour, an amount that anticipates that Mr. Downing's hourly rate will continue to increase as Mr. Downing moves to the top (30 years of experience) of this range. Because the petitioner's January 31, 2017 renewed motion for attorneys' fees includes only a small number of 2017 hours for Mr. Downing, the resulting adjustment in attorneys' fees is small.[4]

The hourly rates for the remaining people are relatively routine. The Secretary did not object to compensating the associate attorneys at a rate of $195 per hour and the Secretary did not object to compensating the paralegals at a rate of $100 per hour. Resp't's Resp., filed Dec. 3, 2015, at 12 n.10. These rates are reasonable.

## 2. Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). In responding to the first motion for an interim award of attorneys' fees and costs, the Secretary directly challenged some of the requested hours as unreasonable. Resp't's Resp., filed Dec. 3, 2015, at 17-19. The petitioner provided an answer to some of these challenges. See Pet'r's Reply, filed Dec. 14, 2015, at 16-17.

The petitioner has satisfactorily explained why the time Mr. Downing charged for communicating with Dr. Zizic does not match the time Dr. Zizic has charged for communicating with Mr. Downing. An attorney often will spend time preparing for conferences and will spend time memorializing the events in the conference. In addition, an attorney may be more conscientious than a doctor about recording time.

However, the petitioner did not respond to the Secretary's challenge that the time spent in correcting a defective filing was inappropriately billed. The petitioner also did not respond to the Secretary's challenge that an unreasonable amount of time was spent obtaining missing medical records. Thus, adjustments are required for these activities.

---

[4] Mr. Downing, however, is expected to adjust future invoices to reflect an hourly rate of $365.00.

Another disputed task is the time Mr. Downing spent preparing the November 13, 2015 fee application. In the Secretary's view, much of Mr. Downing's work duplicated work performed in other cases. The undersigned has compared the November 13, 2015 fee application with a previous application and confirmed that much of the content is duplicated. The petitioner acknowledges the overlap but points out that the applications are not identical in that Mr. Downing has conformed some aspects to the particular facts of Mr. Bourche's case, such as defending Dr. Zizic's proposed rates. The undersigned finds that the time Mr. Downing has charged in the present case, which is less than the time spent in the earlier fee applications, within the zone of reasonableness. The time might be on the high side but still within the reasonable range. Thus, no adjustment is needed.

Finally, there is a question about delegation of work. Tasks "that a paralegal can accomplish should be billed at a paralegal's hourly rate." Riggins v. Sec'y of Health & Human Servs., 99-382V, 2009 WL 3319818, at *25 (Fed. Cl. Spec. Mstr. June 15, 2009), mot. for rev. denied (slip. op. Dec. 10, 2009), aff'd, 406 F. Appx. 479 (Fed. Cir. 2011). Here, both Mr. Downing and Mr. Redman occasionally performed work that paralegals could have performed less expensively.

Overall, the timesheets from Mr. Downing and people from his law firm are sufficiently detailed that the activity can be assessed for its reasonableness. In only a handful of instances, the attorney or paralegal spent an excessive or unreasonable amount of time on a given task. Consequently, to achieve "rough justice," $1,000.00 is deducted. Therefore, **the petitioner is awarded $46,207.50 in attorneys' fees.**

    B.    <u>Attorneys' Costs</u>

In addition to seeking an award of attorneys' fees, the petitioner seeks an award for her attorneys' costs, totaling $59,068.95. The most expensive item is the fee for Dr. Zizic's services, which is discussed below. Other than Dr. Zizic, the costs for routine items, such as medical records and mailing, total $5,648.95. These items are adequately documented and are awarded in full.[5]

---

[5] Although the petitioner is receiving complete reimbursement for the quotidian items, the undersigned is concerned about the reasonableness of some expenses. First, Mr. Downing's firm has incurred more than $1,000 in photocopying charges. Presumably, Mr. Downing copied

The last item is the most contentious item — the reasonable compensation for Dr. Zizic's work. He has requested a total of $53,420.00.

Reasonable expert fees are also determined using the lodestar method in which a reasonable hourly rate is multiplied by a reasonable number of hours. See Chevalier v. Sec'y of Health & Human Servs., No. 15-001V, 2017 WL 490426, at *3 (Fed. Cl. Spec. Mstr. Jan. 11, 2017). Throughout the litigation, Dr. Zizic billed at a rate of $400 per hour. His first invoice is for 119.5 hours. This time includes time spent reviewing Mr. Bourche's medical records, reading medical literature, and drafting his initial report. Dr. Zizic's work on his rebuttal report is listed on Dr. Zizic's second invoice, which is for 14.05 hours.

Dr. Zizic requested an hourly rate of $400. He has previously been awarded this rate based upon his expertise. See Hales v Sec'y of Health & Human Servs., No. 14-552V, 2017 WL 1366069, at *2 (Fed. Cl. Spec. Mstr. Mar. 9, 2017). It is reasonable to award him a rate of $400 for his work in this case.

In support of the number of hours billed, Dr. Zizic submitted two detailed invoices. These invoices document the date, Dr. Zizic's activity, and the time spent on each activity. For example, Dr. Zizic recorded the time he spent reading each medical article separately.

In her motion for interim attorneys' fees and cost, Ms. Bourche addressed the high number of hours Dr. Zizic recorded and noted that Dr. Zizic read 4,650 pages of medical records over 45.4 hours. Pet'r's Renewed Fee Appl'n, filed Jan. 31, 2017, at 5. While 45.4 hours of review time appears high, it is reasonable because Dr. Zizic was reading 102 pages of medical records per hour.

Dr. Zizic also billed over 60 hours for researching and drafting his first report. Although Dr. Zizic's first report is 24 pages long, it contains only four pages of substantive analysis. Exhibit 15. The majority of the report contains a detailed chronology without citations to the medical records. Id. Most of the time

---

all the medical records for Dr. Zizic's review because the law firm has paid a noticeable amount to ship materials to Dr. Zizic. Given the ability to scan paper records to a compact disc, less expensive means are available.

Second, the law firm has also charged for incoming and outgoing faxes. The operation of a fax machine is part of a law firm's general overhead and, therefore, separate costs should not be charged. However, because the amount of money is de minimis, no adjustment is made. Nevertheless, Mr. Downing is encouraged to exercise billing judgment in the future.

billed for creating the chronology should have been accounted for during Dr. Zizic's review of the medical records.

In the hours allotted to drafting his first report, Dr. Zizic does not identify which hours, if any, were spent drafting his credentials and experience, which hours, if any, were spent creating the chronology, and which hours were spent on the analysis portion of his expert report. It is unclear how many hours were spent writing the four pages of substantive analysis, but this likely required the majority of the more than 30 hours Dr. Zizic billed for drafting the first report.

After the submission of Dr. Zizic's first report, the undersigned ordered him to explain his theory connecting the hepatitis B vaccine to the development of endocarditis and/or leukocytoclastic vasculitis, and the appropriate temporal interval for a vaccine to cause the injury in a supplemental report. Order, issued Oct. 19, 2015. Dr. Zizic was also instructed to identify when Mr. Bourche first manifested leukocytoclastic vasculitis. Id. The need for a supplemental report illustrates that the first report was lacking crucial information, even though over 30 hours was spent drafting the report.

Inefficiencies like those above, such as not creating the chronology contemporaneously and not addressing all requirements in an initial report, are not consistent with the performance of an expert who charges $400 per hour. The inefficiencies in Dr. Zizic's work could be accounted for by reducing Dr. Zizic's rate (for example, $350 per hour). The same effect, however, can be achieved by retaining Dr. Zizic's standard $400 per hour rate, but adjusting Dr. Zizic's total hours to account for the decreased efficiency.

Therefore, Dr. Zizic's hours will be reduced by 10 percent to account for excessive time billed, thus resulting in a 10 percent reduction in his awarded costs. A reasonable amount of compensation for Dr. Zizic's work is **$48,078.00**.

Ms. Bourche is awarded **$53,726.95** in attorneys' costs.

## Conclusion

The Vaccine Act permits an award of reasonable attorneys' fees and costs. §15(e). The undersigned GRANTS Ms. Bourche's motion and awards $46,207.50

in attorneys' fees and $53,726.95 in attorneys' costs for a total award of $99,934.45.  This shall be paid as follows:

> **A lump sum payment of $99,934.45, in the form of a check made payable jointly to petitioner and petitioner's attorney, Andrew D. Downing, of Van Cott & Talamante, PLLC, for attorneys' costs on an interim basis available under 42 U.S.C. § 300aa-15(e).**

The Clerk shall enter judgment accordingly.[6]

    **IT IS SO ORDERED.**

s/ Christian J. Moran<br>
Christian J. Moran<br>
Special Master

---

[6] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgement by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.

11