# In the United States Court of Federal Claims

### OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * * * * *
MARI BOURCHE,                            *
As Personal Representative of the        *   No. 15-232V
Estate of JOSEPH BOURCHE,                *   Special Master Christian J. Moran
                                         *
            Petitioner,                  *   Filed: December 19, 2018
                                         *
v.                                       *   Attorneys' fees; interim award
                                         *   appropriate; reasonable cost for
SECRETARY OF HEALTH                      *   expert
AND HUMAN SERVICES,                      *
                                         *
            Respondent.                  *
* * * * * * * * * * * * * * * * * * * * *
```

<u>Andrew D. Downing</u>, Van Cott & Talamante, PLLC, Phoenix, AZ, for petitioner;
<u>Sarah Duncan & Sherry Soanes</u>, United States Dep't of Justice, Washington, DC, for respondent.

### PUBLISHED DECISION AWARDING
### INTERIM ATTORNEYS' FEES AND COSTS[1]

      Mari Bourche's claim that a hepatitis B vaccination harmed her husband and contributed to his death remains pending. In the meantime, she has filed a second motion requesting an award of attorneys' fees and costs on an interim basis. Pet'r's Second Fee Appl'n, filed May 17, 2018. The Secretary deferred to the special master's discretion as to the appropriateness of an interim award and to the amount of any interim award. Resp't's Resp., filed May 31, 2018. For the reasons explained below, **the petitioner is awarded $131,121.87**.

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

## **Brief Factual and Procedural History**

The background for this case has been set out previously. See First Fee Decision, 2017 WL 2480936 (May 11, 2017). The First Fee Decision described the factual background and awarded attorneys' fees and costs to petitioner for work performed through the date the motion was filed, January 31, 2017.

After that motion, Ms. Bourche's attorney, Andrew Downing, and his staff have continued to move the case forward. In addition to the expert the petitioner had previously retained, Thomas Zizic, the petitioner presented reports from another expert, Robert M. Stark. The prosecution of the case culminated in a two-day hearing held in April 2018. Both Dr. Zizic and Dr. Stark testified and invoiced for their time.

Following the hearing, Ms. Bourche filed supplemental medical records to help address issues raised during the hearing. Without any success at settlement, a schedule for post-hearing was brief was then set.[2]

## **Analysis**

Broadly speaking, resolving the pending motion for an award of attorneys' fees and costs on an interim basis requires consideration of three issues. The first is whether the petitioner is eligible for attorneys' fees and costs. If the petitioner is eligible, then the second issue is whether the petitioner should receive any attorneys' fees and costs at this time. The third question is, assuming that some award is appropriate, what constitutes a reasonable amount in this case.

**I.    Whether the Petitioner's Case Satisfies the Requirements for an Award of Attorneys' Fees and Costs**

Petitioners who have not yet been awarded compensation are eligible for an award of attorneys' fees and costs when "the petition was brought in good faith and there was a reasonable basis for the claim." 42 U.S.C. § 300aa—15(e)(1). Here, the reports from Dr. Zizic and Dr. Stark satisfy the reasonable basis standard.

---

[2] During the pendency of this fees application, petitioner's counsel repeatedly contacted chambers informally to inquire when a decision would be issued. Counsel should immediately stop this activity. Inquiries from counsel distract from other work, and do not help decisions issue any faster.

In addition, Mr. Bourche brought his petition in good faith and Ms. Bourche has continued to prosecute the case in good faith.

## II. Whether the Petitioner Should be Awarded Attorneys' Fees and Costs on an Interim Basis as a Matter of Discretion

After a finding of good faith and reasonable basis, the special master may exercise discretion in awarding attorneys' fees and costs on an interim basis. Rehn v. Sec'y of Health & Human Servs., 126 Fed. Cl. 86, 91 (2016) (citing Cloer v. Sec'y of Health & Human Servs., 675 F.3d 1358, 1362 (Fed. Cir. 2012) (en banc), aff'd, 133 S.Ct. 1886 (2012)); Friedman v. Sec'y of Health & Human Servs., 94 Fed. Cl. 323, 334 (2010) (ruling that special master acted within discretion in denying an award of attorneys' fees and costs on an interim basis). The Federal Circuit identified some factors for a special master to consider before awarding attorneys' fees and costs on an interim basis. These include: "protracted proceedings," "costly experts," and "undue hardship." Avera, 515 F.3d at 1352. This list is illustrative, not exhaustive.

The pending motion for an award of attorneys' fees and costs on an interim basis contains no discussion as to why interim fees and costs should be awarded a second time. See Pet'r's Mot., filed May 17, 2018. A better practice would be for the party seeking an order to justify its request. Nevertheless, the undersigned finds that an interim award is appropriate.

## III. What is a Reasonable Amount of Attorneys' Fees and Costs

The final issue is quantifying a reasonable amount for attorneys' fees and costs.

### A. Attorneys' Fees

The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. This is a two-step process. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008). First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. Id. at 1348. Here, the lodestar yields a reasonable amount of attorneys' fees. Thus, the analysis below

3

centers on the two components of the lodestar formula — a reasonable hourly rate and a reasonable number of hours.

1.   Reasonable Hourly Rates

The petitioner seeks attorneys' fees for work four professionals performed. These are Mr. Downing, an associate attorney Courtney Van Cott, paralegal Robert W. Cain, and paralegal Danielle P. Avery. The majority of the requested fees derive from Ms. Van Cott's work.

Mr. Downing has charged two different rates. For his work starting in 2017, Mr. Downing has charged $375 per hour. In 2018, the requested hourly rate for Mr. Downing increased to $385 per hour, an increase of 2.67 percent.

The First Fee Decision found that a reasonable hourly rate for Mr. Downing is $365 per hour in 2017 and directed Mr. Downing to invoice at that rate only. Despite this finding in this exact case, Mr. Downing provides no explanation for deviating from the earlier finding. Mr. Downing's 2017 rate, therefore, is reduced to $365 per hour. Consequently, Mr. Downing's 2018 rate is $375 per hour, which is approximately 2.74 percent more than the 2017 hourly rate, a reasonable increase.

The undersigned is obligated to assess the reasonableness of the request for attorneys' fees and costs regardless of the lack of objection from the Secretary. Cite. See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018). Thus, the undersigned can reduce — and does reduce — Mr. Downing's hourly rate as set forth above. However, Mr. Downing is alerted that submitting excessive fee requests consumes judicial resources unnecessarily and is likely to prompt additional reductions.

Ms. Van Cott has charged two different rates. For her work in 2017, Ms. Van Cott has charged $195 per hour. In 2018, the requested hourly rate for Ms. Van Cott increased to $205 per hour, an increase of 5.13 percent.

The First Fee Decision found Ms. Van Cott's 2017 rate as reasonable and it continues to be so. A reasonable increase for Ms. Van Cott's 2018 rate in line with Mr. Downing's rate increase would result in Ms. Van Cott's 2018 rate being $200 per hour.

The two paralegals, Mr. Cain and Ms. Avery, charged a rate of $135 per hour for work in 2017-2018. The First Fee Decision awarded the paralegals a rate of $100 per hour including some work done in 2017. From the paralegals' 2016 rate of $100 per hour to their 2017/2018 rate of $135 per hour, some simple math reveals an increase of 35 percent.

As was the case in Semanisin v. Sec'y of Health and Human Servs., No. 15-1395V, 2017 WL 1398567, at *3 (Fed. Cl. Spec. Mstr. Mar. 21, 2017), no documentation or other support has been provided, in the instant motion or in the previous fees motions, to justify the paralegal's rate increase from $100 to $135 per hour. Semanisin found a reasonable rate for Ms. Avery's work in 2017 to be $110 per hour. The undersigned also finds $110 per hour to be a reasonable rate for both paralegals in 2017 and 2018.

        2.        Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). In responding to the second motion for an interim award of attorneys' fees and costs, the Secretary also did not directly challenge any of the requested hours as unreasonable.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness. See McIntosh., 139 Fed. Cl. 238.

Overall, the timesheets from Mr. Downing and people from his law firm are sufficiently detailed that the activity can be assessed for its reasonableness. Most of the timesheet entries are reasonable, but the undersigned notes that Ms. Van Cott billed her travel time at her full rate, see Pet'r's Second Fee Appl'n, exhibit A at 23, rather than following the well-established standard in the Vaccine Program of billing travel time at half a professional's standard rate. Gruber v. Sec'y of Health & Human Servs., 91 Fed. Cl. 773, 788 (2010) (citing Rodriguez v. Sec'y of Health & Human Servs., No. 06–559V, 2009 WL 2568468, at *21 (Fed. Cl. Spec. Mstr. Jul. 27, 2009); Kuttner v. Sec'y of Health & Human Servs., No. 06–195V, 2009 WL 256447, at *10 (Fed. Cl. Spec. Mstr. Jan. 16, 2009); Carter v. Sec'y of Health & Human Servs., No. 04–1500V, 2007 WL 2241877, at *6 (Fed. Cl. Spec. Mstr. Jul. 13, 2007); English v. Sec'y of Health & Human Servs., No. 01–61V, 2006 WL 3419805, at *12–13 (Fed. Cl. Nov. 9, 2006)). Thus, Ms. Van Cott's hours will be reduced by 3.75 hours.

5

Petitioner's law firm also billed time for filing documents in CM/ECF. Filing documents is a clerical task for which attorneys and paralegals should not charge. See Guerrero v Sec'y of Health & Human Servs., No. 12-689V, 2015 WL 3745354, at *6 (Fed. Cl. Spec. Mstr. May 22, 2015), mot. for rev. denied in relevant part, 124 Fed. Cl. 153, app. dismissed, No. 2016-1753 (Fed. Cir. Apr. 22, 2016). Thus, a reduction of $1,000.00 is reasonable.

The remaining billed hours are reasonable.

Therefore, based on the reductions to the attorney/paralegal rates and hours explained above, **the petitioner is awarded $67,283.50 in attorneys' fees.**

B.  Attorneys' Costs

In addition to seeking an award of attorneys' fees, the petitioner seeks an award for her attorneys' costs, totaling $73,243.37. The majority of the costs are for the expert fees from Dr. Zizic and Dr. Stark, which are discussed below. Other than the expert costs, Ms. Bourche is seeking compensation for travel and lodging costs related to the entitlement hearing in the amount of $11,266.80 and costs for routine items, such as medical records and mailing, in the amount of $1,334.10. These routine items are adequately documented and are awarded in full.

The travel costs are generally reasonable, but the undersigned finds that some of the cost entries for meals are too vague to assess reasonableness. For example, a 4/22/18 entry for a $205.05 "meal" does not identify which people that meal covers, unlike other nearby entries that list the attorneys' initial next to the meals. Pet'r's Second Fee Appl'n, exhibit A at 27. Another entry for a $396 meal was attributed only to Ms. Van Cott. Id. at 28. Because petitioner's counsel bears the burden of establishing compensable costs and some of these meal cost cannot be properly evaluated, a cost reduction of $500 is appropriate.

The remaining items are for the expert fees of Dr. Zizic ($34,880.00) and Dr. Stark ($25,762.47). Reasonable expert fees are also determined using the lodestar method in which a reasonable hourly rate is multiplied by a reasonable number of hours. See Chevalier v. Sec'y of Health & Human Servs., No. 15-001V, 2017 WL 490426, at *3 (Fed. Cl. Spec. Mstr. Jan. 11, 2017).

Dr. Zizic requested an hourly rate of $400 for most of the work done, but requested $600 per hour for the trial dates. Pet'r's Second Fee Appl'n, exhibit A at 74 (19.4 hours total). The First Fees Decision awarded him the $400 rate and he has previously been awarded this rate based upon his expertise. See Hales v Sec'y of Health & Human Servs., No. 14-552V, 2017 WL 1366069, at *2 (Fed. Cl. Spec.

6

Mstr. Mar. 9, 2017). It is reasonable to award him a rate of $400 for all of his work in this case.

In support of the number of hours billed, Dr. Zizic submitted detailed invoices. These invoices specify the date, Dr. Zizic's activity, and the time spent on each activity. As noted above, Dr. Zizic charged his full rate for his travel time instead of half his regular rate. Thus, a reduction of $660 (1.65 hours x $400/hour) is appropriate. Otherwise, the number of hours requested by Dr. Zizic are reasonable.

Dr. Stark requested an hourly rate of $350. Because he is a specialist in cardiology, Dr. Stark is not experienced in the Vaccine Program. However, he is a board-certified cardiologist with over forty years of experience. Dr. Stark's hourly rate is reasonable.

Dr. Stark's invoices are less detailed that would be desired. Presumably due to his inexperience in the Vaccine Program, Dr. Stark has used block billing to describe many activities for a large amount of time. Also, petitioner's counsel has placed the checks used to pay Dr. Stark's invoices over the description section of the invoices not allowing for review in any more detail.

Dr. Stark also charged a flat "trial appearance" rate of $4,800 per day which, given his $350 hourly rate, would translate to 13.7 hours of work per day. A flat-rate appearance fee is not appropriate. See Culligan v. Sec'y of Health & Human Servs., No. 14-318V, 2016 WL 1622967, at *10 (Fed. Cl. Spec. Mstr. Mar. 31, 2016) (declining to award an expert a flat fee); Jeffries v. Sec'y of Health & Human Servs., No. 99-670V, 2006 WL 3903710, at *18 (Fed. Cl. Spec. Mstr. Dec. 15, 2006) (declining to award an expert a flat fee); Broushet v. Target Corp., 274 F.R.D. 432, 434 (E.D.N.Y. 2011) (awarding compensation to expert only for time spent in deposition).

Dr. Stark did not provide any description of the work he did on trial appearance days to add up to 13.7 hours per day. Moreover, Dr. Stark charged the flat "trial appearance" rate for three days, but the entitlement hearing only lasted for two days. Giving Dr. Stark the benefit of the doubt, the third trial appearance day could have been the preparation day (April 22, 2018) before the two-day hearing and he could have worked as much as petitioner's counsel, Ms. Van Cott, who documented the number of hours in preparation and in trial (34.2) over that three-day span (April 22-24, 2018). Thus, the implicit hours in Dr. Stark's flat rate

7

for three days (41.1) are reduced by 6.9 hours to the number of hours worked by Ms. Van Cott (34.2), resulting in a deduction of $2,415.00.

Again, as noted with Dr. Zizic, Dr. Stark has overcharged for his travel time. He charged for one day of travel at a flat rate of $3,000 per day. Without any more detail from Dr. Stark, a simple calculation would be Dr. Stark's appropriate travel rate of $175 per hour (half his regular rate) for a 6-hour day of travel. This new travel calculation for Dr. Stark ($175 per hour * 6 hours = $1,050) results in a deduction of $1,950.

Considering the deductions described above, Ms. Bourche is awarded $63,838.37 in attorneys' costs.

## Conclusion

The Vaccine Act permits an award of reasonable attorneys' fees and costs. §15(e). The undersigned GRANTS Ms. Bourche's motion and awards $67,283.50 in attorneys' fees and $63,838.37 in attorneys' costs for a total award of $131,121.87. This shall be paid as follows:

**A lump sum payment of $131,121.87 in the form of a check made payable jointly to petitioner and petitioner's attorney, Andrew D. Downing, of Van Cott & Talamante, PLLC, for attorneys' costs on an interim basis available under 42 U.S.C. § 300aa-15(e).**

The Clerk shall enter judgment accordingly.[3]

**IT IS SO ORDERED.**

                                            s/Christian J. Moran
                                            Christian J. Moran
                                            Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgement by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.