# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * * *
MARI BOURCHE As Personal
Representative of the ESTATE
OF JOSEPH BOURCHE,

           Petitioner,

v.

SECRETARY OF HEALTH
AND HUMAN SERVICES,

           Respondent.
* * * * * * * * * * * * * * * * * * * *

No. 15-232V

Special Master Christian J. Moran

Filed: October 16, 2020

Attorneys' Fees and Costs;
Probate Costs

Andrew D. Downing, Van Cott & Talamante, PLLC, Phoenix, AZ, for Petitioner;
Sarah C. Duncan, United States Dep't of Justice, Washington, DC, for Respondent.

**PUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS**[1]

On March 3, 2020, petitioner Mari Bourche moved for final attorneys' fees and costs. She is awarded **$38,811.63**.

\* \* \*

The background for this case has been set forth previously in the undersigned's prior two decisions awarding interim fees. See First Fees Decision,

---

[1] Because this published decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). This posting means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

2017 WL 2480936 (Fed. Cl. Spec. Mstr. May 11, 2017); Second Fees Decision, 2018 WL 7046894 (Fed. Cl. Spec. Mstr. Dec. 19, 2018). The instant fees motion requests reimbursement for work performed from May 23, 2018 until the present. During that time, petitioner obtained and filed additional medical records and the parties filed post-hearing briefs. The undersigned issued his decision denying compensation on January 7, 2020. 2020 WL 571061 (Fed. Cl. Spec. Mstr. Jan. 7, 2020).

On March 3, 2020, petitioner filed a motion for final attorneys' fees and costs ("Fees App."). Petitioner requests attorneys' fees of $35,951.00 and attorneys' costs of $9,718.84 for a total request of $45,669.04. Fees App. at 3. Pursuant to General Order No. 9, petitioner states that she did not personally incur any costs related to the litigation of this matter. Id. On March 16, 2020, respondent filed a response to petitioner's motion. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Response at 1. Respondent adds, however that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id at 2. Additionally, he recommends "that the special master exercise his discretion" when determining a reasonable award for attorneys' fees and costs. Id. at 3. Petitioner did not file a reply thereafter.

\*   \*   \*

Although compensation was denied, petitioners who bring their petitions in good faith and who have a reasonable basis for their petitions may be awarded attorneys' fees and costs. 42 U.S.C. § 300aa-15(e)(1). In this case, the undersigned has no reason to doubt the good faith of the claim, and although the claim was ultimately unsuccessful, the matter necessitated an entitlement hearing and the undersigned finds that petitioners' claim has a reasonable basis throughout the entire case. Respondent also has not challenged the reasonable basis of the claim. A final award of attorneys' fees and costs is therefore proper in this case.

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. This is a two-step process. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008). First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial

2

calculation of the fee award based on specific findings.  Id. at 1348.  Here, because the lodestar process yields a reasonable result, no additional adjustments are required.  Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness.  See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018)

### A.     Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation.  Avera, 515 F.3d at 1349.  There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower.  Id. 1349 (citing Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)).  In this case, all the attorneys' work during this period was done outside of the District of Columbia.

Petitioner requests the following hourly rates for the work of his counsel at Van Cott & Talamante, PLLC: for Mr. Andrew Downing, $385.00 per hour for all work performed from 2018-2020, for Ms. Courtney Van Cott, $205.00 per hour for work performed in 2018-2019 and $275.00 per hour for work performed in 2020, and for paralegal Danielle Avery, $135.00 per hour for work performed in 2018-2019.

The second interim fees decisions in this case set forth what the undersigned has found to be reasonable hourly rates for 2018, when the undersigned compensated Mr. Downing at $375.00 per hour, Ms. Van Cott at $200.00 per hour, and paralegal work at $110.00 per hour. Petitioner has not provided any rationale as to why the undersigned should depart from this previous determination.  Application of these 2018 rates results in a reduction from the final award of attorneys' fees of $953.00.

The undersigned finds the hourly rates requested from 2019 onward to be reasonable and consistent with what counsel and their staff have previously been awarded.  See, e.g., Olschansky v. Sec'y of Health & Human Servs., No. 17-1096V, 2020 WL 1027681 (Fed. Cl. Spec. Mstr. Feb. 21, 2020).  Although Ms. Van Cott's hourly rate jumps from $205 in 2018 and 2019 to $275 in 2020, Ms. Van Cott has 6 years of experience in 2020, placing her in the range of attorneys

with 4-7 years of experience.  The minimum rate for attorneys with that experience is $253 and the maximum is $338.  Ms. Van Cott does good work, justifying the increase to $275 per hour for work in 2020.

      B.      <u>Reasonable Number of Hours</u>

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary.  <u>See Saxton v. Sec'y of Health & Human Servs.</u>, 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

Upon review of the submitted billing records, the undersigned finds the majority of the time billed to be reasonable. The timesheet entries are sufficiently detailed such that the undersigned can assess their reasonableness. However, a small reduction is necessary due to excessive paralegal time billed. Paralegals billed time on administrative tasks such as filing documents, and excessive time on review of filings (e.g., 0.1 hours on reviewing minute entries, 0.2 hours to review status reports and scheduling orders). These issues have previously been noted concerning Van Cott & Talamante paralegals. Second Fees Decision, 2018 WL 7046894, at *3; <u>Sheridan v. Sec'y of Health & Human Servs.</u>, No. 17-669V, 2019 WL 948371, at *2-3 (Fed. Cl. Spec. Mstr. Jan. 31, 2019); <u>Moran v. Sec'y of Health & Human Servs.</u>, No. 16-538V, 2019 WL 1556701, at *4 (Fed. Cl. Spec. Mstr. Jan. 23, 2019). A reasonable reduction for these issues is $500.00.

Accordingly, petitioner is awarded final attorneys' fees of $34,498.00.

      C.      <u>Costs Incurred</u>

Like attorneys' fees, a request for reimbursement of costs must be reasonable. <u>Perreira v. Sec'y of Health & Human Servs.</u>, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), <u>aff'd</u>, 33 F.3d 1375 (Fed. Cir. 1994).  Petitioner requests a total of $9,718.84 in costs. This amount is comprised of acquiring medical records, a transcript of the entitlement hearing, and work performed by petitioner's estate counsel. Fees App. Ex. 2 at 15-16. With respect to the medical records, postage, and transcript, petitioner has provided documentation to support these costs and all appear reasonable in the undersigned's experience.

Petitioner's request for costs associated with counsel for Mr. Bourche's estate requires further discussion.  Petitioner requested $6,905.21 for work performed by attorneys at a Colorado law firm, Lyon Gaddis, that represented Ms. Bourche in settling the affairs of late husband.  Petitioner maintained that "for the

sole purpose of being appointed Personal Representative so she could continue with this vaccine claim upon her husband's death. Probate for her husband's estate was otherwise unnecessary." Fees App. at 3.

The undersigned requested more information regarding whether an estate would have been created regardless of petitioner's Vaccine Program claim. This order also directed petitioner to include "a statement from the attorney at Lyons Gaddis who performed the estate work regarding the amount that he has been paid and who paid for that work (i.e., Van Cott & Talamante or petitioner herself or Mr. Bourche's estate)." Order, issued July 13, 2020.

Ms. Bourche's attorney in this matter, Mr. Downing, emailed the attorney Ms. Bourche retained for the estate work, John W. Gaddis. Mr. Downing requested additional information about the estate and appears not to have inquired about who paid the work of the attorney. The entirety of Mr. Gaddis's response was: "But for the pending injury claim, it is my understanding that the Bourche estate would have been resolved using Colorado Small Estate Affidavit. In other words, there was a different way to resolve this case, IF the estate proceeding had not been required for purposes of the injury claim." Exhibit 79 (email from John W. Gaddis to Andrew D. Downing). On behalf of Ms. Bourche, Mr. Downing maintained that "but-for the vaccine claim, Mr. Bourche's estate could have been settled with a Colorado Small Estate Affidavit," which "allows a person to settle a small estate without having to engage in the probate process." Pet'r's Status Rep't, filed July 13, 2020, at 1-2. Mr. Downing cited no authority for this proposition.

Respondent filed his response on August 6, 2020, stating that "a number of the tasks billed by Lyons Gaddis appear to be routine estate tasks that were not required for Mrs. Bourche to be recognized as personal representative, particularly those that occurred after February 24, 2016, when letters of administration were conveyed to Mr. Downing's office." Response at 2. Respondent further states that although it is possible that the Small Estate Affidavit could have been used with Mr. Bourche's estate, "presumably petitioner would still have to had to resolve issues regarding potential creditors and claims upon Mr. Bourche's assets, which may have required attorney involvement." Id. at 3. Ms. Bourche did not reply to the Secretary's response.

Pursuant to McCullouch v. Sec'y of Health & Human Servs., 923 F.3d 998, 1002 (Fed. Cir. 2019) (noting the Secretary did not challenge the initial expenses associated with setting up a guardianship), a petitioner in the Vaccine Program who incurs probate expenses that would not have been incurred but-for the claim in the Vaccine Program may be reimbursed for those expenses. For a longer

5

examination of the recoverability of probate expenses in the context of guardianship, see Martin on behalf of KM v. Sec'y of Health & Human Servs., No. 16-318V, 2019 WL 625442, at *6-15 (Fed. Cl. Spec. Mstr. Jan. 22, 2019). However, not all activities in a probate proceeding are necessarily attributable to the claim pending in the Vaccine Program. In these circumstances, a Vaccine Program petitioner is not reimbursed for those expenses. See Mol v. Sec'y of Health & Human Servs., 50 Fed. Cl. 588, 591 (2001); see also Lemon v. Sec'y of Health & Human Servs., 19 Cl. Ct. 621, 623 (1990) (disallowing fees related to the administration of the estate of petitioner's child).

Whether Ms. Bourche would have been required to create an estate in the absence of the Vaccine Program claim is not clear. Mr. Gaddis, the Colorado estate attorney, stated that Ms. Bourche could have used a "Colorado Small Estate Affidavit," but Mr. Gaddis did not describe this process. While Mr. Gaddis may be correct in his conclusion, the lack of reasoning or citation to authority leaves several questions unanswered. Nevertheless, the undersigned will extend the benefit of doubt to Ms. Bourche, particularly in light of the Secretary's failure to challenge the necessity of creating an estate to pursue the Vaccine Program claim.

However, simply because an estate was necessary to maintain a case in the Vaccine Program, it does not automatically follow that all Mr. Gaddis's work was because of the Vaccine Program claim. For example, in administering Mr. Bourche's estate, Mr. Gaddis or professionals in his firm created entries showing:

> "Draft correspondence to Napa Auto Parts; correspondence to client; review of various assets of estate and estate debts." (April 26, 2016).[2]

> "Review correspondence form Napa and calendar deadline to file notice of disallowance of claim." (April 26, 2016).

> "Review of estate assets and work on inventory." (May 9, 2016).

> "Review claim of Advanced Auto Parts; e-mail correspondence to Advanced Auto Parts; calendar deadline to disallow claim." (May 11, 2016).

Fee App. exhibit A at 22-23 (Lyons Gaddis timesheets). This list is simply a sample.

---

[2] Mr. Bourche owned auto repair shops.

After the Secretary raised questions about the routine nature of some of these activities (see Resp't's Resp., filed Aug. 6, 2020, at 2-3), Mr. Downing and/or Mr. Gaddis had an opportunity to explain them.  It is telling that they did not.  Mr. Downing and/or Mr. Gaddis did not explain how, absent the Vaccine Program claim, Mr. Bourche's estate would have addressed claims of creditors.

Upon review of the submitted information, the undersigned finds a reasonable amount to reimburse petitioner for probate work due to Mr. Bourche's claim in the Vaccine Program is $1,500.00.  A small consideration is that petitioner did not provide any support for the hourly rate attorneys from Lyons Gaddis charged ($400 - $440 per hour).  While the hourly rate is a small concern, the larger issue is that Ms. Bourche has not explained how the Vaccine Program claim made necessary many tasks Mr. Gaddis performed.

Accordingly, petitioner is awarded final attorneys' costs of $4,313.63.

D.  Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs.  42 U.S.C. § 300aa-15(e). Accordingly, I award a total of **$38,811.63** (representing $34,498.00 in attorneys' fees and $4,313.63 in attorneys' costs) as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel, Mr. Andrew Downing.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.